IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36322-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ERICA MAY TOEBE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Erica Toebe appeals a deadly weapon enhancement imposed in relation to her conviction for second degree assault. We affirm.

## FACTS

Ms. Toebe got into an argument with her roommate over a bar tab. The dispute escalated into a physical altercation, and culminated in Ms. Toebe clubbing her roommate

with a metal towel bar. Several of Ms. Toebe's blows landed on her roommate's head.

The roommate sought help from some neighbors and was transported by ambulance to

the hospital.

At the hospital, the roommate was treated for: (1) a broken cheekbone requiring

reparative surgery, (2) a cut to the head requiring six staples, (3) a cut to the lip requiring

four stiches, and (4) bruising and swelling the face, eye area, arms and ankles. The

bruising was so severe it delayed reparative surgery to the cheekbone.

The State charged Ms. Toebe with one count of second degree assault with a

deadly weapon enhancement. A jury convicted her as charged. Ms. Toebe appeals.

Her challenges are limited to the deadly weapon enhancement.

ANALYSIS

A jury's verdict on a deadly weapon enhancement must be supported by sufficient

evidence. *See State v. Sassen Van Elsloo*, 191 Wn.2d 798, 825-26, 425 P.3d 807 (2018).

This standard is not onerous. "A claim of insufficiency admits the truth of the State's

evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*,

119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

The State's evidence was sufficient to prove the towel bar employed by Ms. Toebe

against her roommate was a deadly weapon. Washington's deadly weapon statute lists

several instruments that are per se deadly weapons. RCW 9.94A.825. Included is "any metal pipe or bar used or intended to be used as a club." *Id.* The towel bar here met that definition. Witnesses described the bar as being made from metal. Ms. Toebe used the bar to club the victim of her assault. It is irrelevant that the towel bar was not shaped like a club or might not meet the dictionary definition of a club. The statute only requires the bar or pipe be *used* like a club, not that it *be* a club. The uncontested evidence meets this standard.

Even though Ms. Toebe's second degree assault conviction required proof of a deadly weapon, RCW 9A.36.021(1)(c), imposition of a deadly weapon enhancement under RCW 9.94A.533(4) did not violate Ms. Toebe's right against double jeopardy. Our case law has long recognized the legislature's intent to increase punishment when a defendant convicted of second degree assault (which can be committed in several ways) is armed with a deadly weapon. *State v. Aguirre*, 168 Wn.2d 350, 366, 229 P.3d 669 (2010). No recent authority holds to the contrary.[1] Thus, there was no double jeopardy violation. *Id.*

---

[1] Ms. Toebe's citation to *State v. Allen*, 192 Wn.2d 526, 431 P.3d 117 (2018) is inapt. That case addressed the preclusive effect of a jury's verdict as to sentence enhancements, not the validity of multiple punishments authorized by the jury's verdict.

3

No. 36322-8-III
*State v. Toebe*

CONCLUSION

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

4